IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

T. TERELL BRYAN,

    Plaintiff,                               CIV. NO. S-10-2241 MCE GGH PS

    vs.

DEFENSE TECHNOLOGY U.S.; et al.,

    Defendants.                   <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. On October 25, 2010, plaintiff filed a notice of service of defendant Defense Technology Corporation, and a request for entry of default. The Clerk of the Court denied the request on October 26, 2010. On November 15, 2010, plaintiff filed objections to the Clerk's denial. As this defendant has now been served, and has failed to answer or otherwise respond, entry of default is appropriate.

        On September 27, 2010, plaintiff filed a "motion for clarification," requesting that the U.S. Attorney clarify who it is representing. On October 5, 2010, the government filed a response to plaintiff's filing, indicating that it is representing the United States Attorney of Sacramento, and the United States of America. Therefore, plaintiff's motion will be denied as moot.

        On October 15, 2010, plaintiff filed a motion to compel discovery from non-party

1

South Carolina Department of Corrections ("SCDOC"). As the SCDOC is not a party to this action, any discovery must be obtained through a subpoena pursuant to Fed. R. Civ. P. 45, and not a request for production under Rule 34. Plaintiff's motion must therefore be denied.

Plaintiff has also filed a number of documents pertaining to his need for increased law book access as well as envelopes for filing documents in this case. (Dkt. #s 31, 32, 33, 34.) The fact that plaintiff has filed so many documents in this case, in fact more than should be filed, indicates that plaintiff has sufficient access to envelopes. Plaintiff has also been able to oppose defendant's motion to dismiss and file his own summary judgment motion, both of which are under submission. There is no need for further filings at the present time. Plaintiff has not demonstrated a necessity for further law library access as there are no other outstanding matters. Plaintiff's requests are therefore denied.

Finally, plaintiff has requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to enter default of defendant Defense Technology Corporation, and serve this defendant with this order at the address listed on docket # 25.

2. Plaintiff's September 13, 2010 motion for order of service on defendant Defense Technology, (dkt. #16), is denied as moot.

3. Plaintiff's September 27, 2010 motion for clarification, (dkt. #20), is denied as

moot.

       4. Plaintiff's October 15, 2010 motion to compel, (dkt. #24), is denied.

       5. Plaintiff's motion for writ of mandamus, (dkt. #31), motion for injunctive relief, (dkt. #32), and motion for declaratory relief, (dkt. # 34), are denied.

       6. Plaintiff's request for the appointment of counsel, (dkt. #33), is denied.

DATED: November 22, 2010

                                              /s/ Gregory G. Hollows

                                        UNITED STATES MAGISTRATE JUDGE

GGH:076/Bryan2241.ord.wpd