IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

T. TERREL BRYAN,

              Plaintiff,              No. CIV S-10-2241 KJM GGH P

     vs.

DEFENSE TECHNOLOGY U.S., et al.,    ORDER &

             Defendants.        FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        This case was removed to federal court from Sacramento County Superior Court on August 20, 2010, pursuant to 28 U.S.C. §§ 1441 and 1442. See Docket # 1. Plaintiff herein is a prisoner incarcerated in South Carolina proceeding pro se.

        In his complaint, plaintiff expressly named as defendants: "Defense Technology U.S." and "United States Attorney of Sacramento." See Complaint, Dkt.# 1-1. Plaintiff alleges that on August 9, 2008, he was "assaulted and battered by [] mace" as a bystander inmate on a wing of Perry Correctional Institution (in South Carolina) when officers sprayed an unreasonable amount of mace into a cell. Id. at 6-7. Plaintiff claims that Defense Technology U.S., a manufacturer of, inter alia, mace and pepper spray intended for law enforcement, correctional and military personnel, have violated his due process rights "a.) by failing to ensure their product

1

1    is not used to unreasonably violate a person, b.) by creating a bigger mace canister so that others

2    can use more mace." Id. at 8-9.  Plaintiff also alleges that defendant Defense Technology U.S. is

3    liable for gross negligence by failing to provide adequate information both about the dangerous

4    side of effects of mace on bystanders and about how and when to treat a victim and/or bystander;

5    by failing to ensure their product is not misused and failing to provide information as to proper

6    decontamination procedures; and by not reporting criminal use of their product and failing to

7    discontinue distributing their product to any who have used their product in a criminal manner.

8    Id. at 9.

9            Plaintiff alleges that the defendant United States Attorney violated his due process

10   rights under the state constitution and by failing, under "criminal statutes 18 U.S.C. [§]§ 241 and

11   242 [to] give plaintiff's letter of request a minimal amount of consideration." Dkt. # 1-1, p. 8.

12   Plaintiff also accuses defendant U.S. Attorney of gross negligence under the same statutes,

13   stating that plaintiff promptly notified this defendant of the spraying incident after which plaintiff

14   was left for several hours in mace-contaminated air without medical assistance leaving him to

15   suffer painful side effects.  Id.  Plaintiff claims that due to his status as an inmate, defendant U.S.

16   Attorney had a responsibility and duty to him to consider his request regarding the question of

17   probable cause for the commission of a crime, but failed to do so.  Id.   Plaintiff seeks money

18   damages, including punitive, and asks for injunctive relief in the form of defendant U.S. Attorney

19   being required to give plaintiff's allegations "a fair consideration of whether to investigate and/or

20   prosecute." Id. at 9.

21           Pending before the court are: 1) a motion to dismiss under Fed. R. Civ. P. 12(b)(1)

22   for lack of subject matter jurisdiction, filed on August 27, 2010, by defendants United States

23   Attorney of Sacramento and United States of America,[1] to which plaintiff filed a response on

24   _____

25           [1] By filing dated August 20, 2010, defendant U.S Attorney of Sacramento, i.e., the United
     States Attorney for the Eastern District of California, was certified as having acted within the
     scope of his employment as a representative of the United States Department of Justice at the
26   time of the alleged acts that underlie plaintiff's tort claim.  See Dkt. # 2.  Thereafter, on the same

                                                    2

September 16, 2010, after which defendants filed their reply, on September 23, 2010; 2)

plaintiff's motion for summary judgment, filed on September 29, 2010, to which the federal

defendants filed their opposition on October 15, 2010; 3) plaintiff's second motion for

appointment of counsel, filed on December 16, 2010; 4) plaintiff's motion for substitution of

parties, filed on December 27, 2010, to which the federal defendants filed a response on January

7, 2011, after which plaintiff filed a reply on January 10, 2011.[2]

Motion to Dismiss

The federal defendants move for dismissal under Fed. R. Civ. 12(b)(1), on the

grounds that the court lacks subject matter jurisdiction over plaintiff's claims and expressly

preserve their right to the defense of insufficiency of service of process.[3]  Motion to Dismiss

(MTD), dkt. # 8.

Legal Standard for Rule 12(b)(1) Motion to Dismiss

Federal district courts are courts of limited jurisdiction.  U.S. Const. Art. III, § 1

provides that the judicial power of the United States is vested in the Supreme Court, "and in such

inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore

confers jurisdiction  upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See

Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Since federal

courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the

_____

day, a notice of substitution of the United States of America in place of the U.S. Attorney with
regard to plaintiff's tort claim was filed, "by operation of 28 U.S.C. § 2769, as amended by
Public Law 100-694...."  Dkt. # 3.   The court recognizes the substitution as appropriate and
plaintiff's motion to strike this substitution contained within his response to the motion to
dismiss is baseless.  Dkt. # 17, p. 1.

[2] Plaintiff's motion for a default judgment seeking specific damages against defendant
Defense Technology U.S., filed on December 16, 2010, will be addressed in a separate order.

[3] Although the court has found no further service of the federal defendants necessary
inasmuch as defendants filed a motion to dismiss and served it upon plaintiff, see Order, filed on
September 3, 2010, counsel asserts that by the motion to dismiss, counsel is making a special
appearance on behalf of the federal defendants and is not thereby waiving, inter alia, the service
of process requirements of Fed. R. Civ. P. 4(I).

1   federal courts unless proven otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511

2   U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  Lack of subject matter

3   jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v.

4   Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

5          On a Rule12(b)(1) motion to dismiss for lack of subject matter jurisdiction,

6   plaintiff bears the burden of proof that jurisdiction exists.  See, e.g., Sopcak v. Northern

7   Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel.

8   & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979).  Different standards apply to a 12(b)(1)

9   motion, depending on the manner in which it is made.  See, e.g., Crisp v. U.S., 966 F. Supp. 970,

10  971-72 (E.D. Cal. 1997).

11         First, if the motion attacks the complaint on its face, often referred to as a "facial

12  attack," the court considers the complaint's allegations to be true, and plaintiff enjoys

13  "safeguards akin to those applied when a Rule 12(b)(6) motion is made."  Doe v. Schachter, 804

14  F. Supp. 53, 56 (N.D. Cal. 1992).  Presuming its factual allegations to be true, the complaint

15  must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction.

16  For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents

17  of different states.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint

18  must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or

19  controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute.

20  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

21         Second, if the motion makes a "factual attack" on subject matter jurisdiction,

22  often referred to as a "speaking motion," the court does not presume the factual allegations of the

23  complaint to be true.  Thornhill, 594 F.2d at 733.  In a factual attack, defendant challenges the

24  truth of the jurisdictional facts underlying the complaint.  "Faced with a factual attack on subject

25  matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No

26  presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material

4

1   facts will not preclude the trial court from evaluating for itself the merits of jurisdictional

2   claims." Id. (quotations and citation omitted).  The court may hear evidence such as declarations

3   or testimony to resolve factual disputes.  Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th

4   Cir. 1988).[4]

5          If a plaintiff has no standing, the court has no subject matter jurisdiction.

6          "[B]efore reaching a decision on the merits, we [are required to]
           address the standing issue to determine if we have jurisdiction."
7          Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th
           Cir.1980).  "[T]he standing question is whether the plaintiff has
8          'alleged such a personal stake in the outcome of the controversy' as
           to warrant his invocation of federal-court jurisdiction and to justify
9          the exercise of the court's remedial powers on his behalf."  Warth
           v. Seldin, 422 U.S. 490, 498- 99, 95 S.Ct. 2197, 45 L.Ed.2d 343
10         (1975) (quoting Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7
           L.Ed.2d 663 (1962)).  There are three requirements for standing:
11         (1) "a plaintiff must have suffered an 'injury in fact'--an invasion
           of a legally protected interest which is (a) concrete and
12         particularized and (b) actual or imminent, not 'conjectural' or
           'hypothetical;'" (2) "there must be a causal connection between the
13         injury and the conduct complained of--the injury has to be 'fairly ...
           trace[able] to the challenged action of the defendant, and not ...
14         th[e] result [of] the independent action of some third party not
           before the court;'" and (3) "it must be 'likely' as opposed to merely
15         'speculative,' that the injury will be 'redressed by a favorable
           decision.'"  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61,
16         112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted)
           (alterations in original).

17

18   Washington Legal Foundation v. Legal Foundation of Washington, 271 F.3d 835, 847 (9th Cir.

19   2001) (en banc).

20                Argument & Analysis

21          Defendants first argue that plaintiff lacks Article III standing to sue the U.S.

22   Attorney because he is an officer of the U.S. Department of Justice (DOJ) and, as such, is subject

23

24          [4] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot
     determine the jurisdictional issue until such facts are appropriately resolved.  See Roberts v.
25   Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft
     Indus., 8l3 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion
26   determines facts where jurisdictional issue and merits are intertwined).

to the discretionary authority vested in the Attorney General of the federal government's

executive branch, not in the federal judiciary.  MTD, dkt. #8-1, p. 6.  An alternative way of

framing the argument would be to assert that plaintiff has no private right of action against the

federal defendants on the basis of their exercise of discretion not to prosecute a particular

individual or entity.  In framing their argument as one based on plaintiff's lack of Article III

standing because discretionary authority is vested in the Attorney General, the federal defendants

are construed to be implicating the third prong requisite for standing, as set forth above, i.e., that

this court could not redress the injury alleged.  The Ninth Circuit and other authority cited by the

federal defendants (id.) points unequivocally to the proposition that neither plaintiff nor this court

has authority to require the defendant Attorney General to prosecute Defense Technology U.S.

> Federal courts exercise the judicial power of the United States
> pursuant to Article III of the Constitution and specific statutory
> grants of power.  While district courts have certain responsibilities
> in connection with selecting, instructing, and supervising grand
> juries, Fed.R.Crim.P. 6, the investigation of crime is primarily an
> executive function.  Nowhere in the Constitution or in the federal
> statutes has the judicial branch been given power to monitor
> executive investigations before a case or controversy arises.
> Without an indictment or other charge bringing a defendant before
> the court, or in the absence of a pending grand jury investigation, a
> district court has no general supervisory jurisdiction over the
> course of executive investigations.

Jett v. Castaneda, 578 F.2d 842, 845 (9th Cir. 1978); see also Linda R.S. v. Richard D., 410 U.S.

614, 619, 93 S. Ct. 1146 (1973) ("in American jurisprudence at least, a private citizen lacks a

judicially cognizable interest in the prosecution or nonprosecution of another"); Sargeant v.

Dixon, 130 F.3d 1067, 1069 (D.C. Cir. 1997)(accord).

As the federal defendants argue (MTD, dkt. # 8-1, p. 5), it has long been "well

settled that the question of whether and when prosecution is to be instituted is within the

discretion of the Attorney General.  Mandamus will not lie to control the exercise of this

\\\\\

\\\\\

1  discretion." Powell v. Katzenbach, 359 F.2d 234 (D.C. Cir. 1965);[5] People of State of New

2  York v. Muka, 440 F. Supp. 33, 36 (N.D.N.Y. 1977) (the U.S. Attorney "possesses an absolute

3  and unreviewable discretion as to what [federal] crimes to prosecute"); Milliken v. Stone, 7 F.2d

4  397, 399 (S.D.N.Y. 1925) ("federal courts are without power to compel the prosecuting officers

5  to enforce the penal laws, whatever the grounds of their failure may be.  The remedy for

6  inactivity of that kind is with the executive and ultimately with the people.").  In addition, see,

7  e.g., Ray v. U.S. Dept. of Justice, 658 F.2d 608, 610 (8th Cir. 1981) ("initiation of a federal

8  criminal prosecution is a discretionary decision within the Executive Branch not subject to

9  judicial compulsion" [internal citation omitted]);  Inmates of Attica Correctional Facility v.

10  Rockefeller, 477 F.2d 375, 378 (2nd Cir. 1973) ("federal courts have traditionally and, to our

11  knowledge, uniformly refrained from overturning, at the instance of a private person,

12  discretionary decisions of federal prosecuting authorities not to prosecute persons regarding

13  whom a complaint of criminal conduct is made"); United States v. Zonca, 97 F. Supp.2d 1127,

14  1128 n. 1 (M.D. Fla. 1999) ("[t]he selection of a case for prosecution is a matter resting solely

15  within the discretion of the Chief Executive, acting through the Attorney General and the United

16  States Attorney").

17          Plaintiff's contention, in opposition, that pro se pleadings are held to less stringent

18  standards is correct, as far as it goes.  Opposition (Opp.), dkt. # 17, pp. 2-3.  Pro se pleadings are,

19  indeed, liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96

20  (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

21  that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma

22  pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson,

23  _____

24          [5]  The Katzenbach Court assumed, "without deciding, that where Congress has withdrawn
    all discretion from the prosecutor by special legislation, a court might be empowered to force
25  prosecutions in some circumstances.  Cf., e.g., Moses v. Kennedy, 219 F.Supp. at 765; Note, 74
    Yale L.J. 1297 (1965)."  Powell v. Katzenbach, at 235.  However, the statute cited by appellant
26  therein failed "to disclose a congressional intent to alter the traditional scope of the prosecutor's
    discretion."  Id.  Nor has plaintiff cited any such statute.

1   809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

2   However, while the pleadings of pro se litigants are construed liberally, Abassi v. I.N.S., 305

3   F.3d 1028, 1032 (9th Cir. 2002), pro se litigants are expected to comply with procedural rules,

4   McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980 (1993), American Ass'n of

5   Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-1108 (9th Cir. 2000).  Defendants

6   (Reply, pp.4-5) are also correct that this court cannot disregard jurisdictional bars.

7           Plaintiff attempts to counter the federal defendants' argument with respect to

8   standing by seeking to reframe his claim regarding the failure of the U.S. Attorney to prosecute

9   defendant Defense Technology U.S. in response to his letter regarding the August 9, 2008

10  spraying incident as a Fourteenth Amendment equal protection violation.  Opp., dkt. # 17, p. 3.

11  He thereby seeks to somehow transmute his claim into an allegation that by not prosecuting, or

12  considering prosecuting, Defense Technology U.S., the U.S. Attorney is discriminating against

13  plaintiff because of his prisoner status.  Id.  The federal defendants are correct that there is no

14  way to construe plaintiff's allegations of a lack of due process or gross negligence as an equal

15  protection claim.  Reply, pp. 4-5.  Moreover, even if plaintiff had framed his claim as an equal

16  protection violation, such a claim would not be cognizable.

17          "In the limited settings where Bivens does apply, the implied cause of action is the

18  'federal analog to suits brought against state officials under...42 U.S.C. § 1983.'"  Ashcroft v.

19  Iqbal, 129 S. Ct. 1937, 1948 (2009).  See also, Bivens v. Six Unknown Fed. Narcotics Agents,

20  403 U.S. 388, 91 S.Ct. 1999 (1971).  As noted, Bivens applies in a more limited context than do

21  § 1983 actions.  While, conceivably, a plaintiff in a § 1983 action against a state Attorney

22  General might state an equal protection claim by alleging that the state officer had refused to

23  prosecute an action simply based on the race of the hypothetical complaining party, the same

24  plaintiff would not be able to make such a claim against the U.S. Attorney General under Bivens

25  because of the sheer weight of federal jurisprudence finding prosecutorial discretion vested so

26  fully in the executive branch.  In Bush v. Lucas, 462 U.S. 367, 390, 103 S. Ct. 2402 (1983), the

Supreme Court declined "'to create a new substantive legal liability without legislative aid and as at the common law" quoting <u>United States v. Standard Oil</u>, 332 U.S. 301, 302 67 S. Ct. 1604, 1605 (1947), because the high court was "convinced that Congress is in a better position to decide whether or not the public interest would be served by creating it." <u>Id</u>. While alternative statutory or administrative remedies available in <u>Bush</u> do not apply in this case, the underlying principle does: that a judicial remedy for the specific alleged constitutional violation must be recognized by the Supreme Court, and in this instance in light of precedent, no such remedy is available.[6]

   Thus, this court finds that plaintiff has no standing to sue the federal defendants for any perceived failure of theirs to criminally prosecute defendant Defense Technology U.S. based on plaintiff's having written to inform the U.S. Attorney for the Eastern District of California of the alleged spraying incident of August 9, 2008.

   The federal defendants also contend that plaintiff's tort claim is barred by sovereign immunity because plaintiff failed to exhaust his administrative remedies in accordance with the Federal Tort Claims Act, 28 U.S.C. §§ 2761, et seq.  MTD, dkt. # 8-1, pp. 5-7.  Pursuant to 28 U.S.C. § 2679(b)(1), the FTCA is the exclusive remedy against the United States for property loss or personal injury resulting from the alleged wrongful (tortious) act of a government employee acting within the course and scope of employment.

   Absent a waiver of sovereign immunity, the United States may not be sued. <u>United States v. Mitchell</u>, 445 U.S. 535, 38 100 S. Ct. 1349 (1980), ("[i]t is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"

---

  [6]  Moreover, even if a <u>Bivens</u> claim was possible, the United States Attorney would be absolutely immune from suit for a decision not to prosecute.  <u>Fields v. Soloff</u>, 920 F.2d 1114, 1119 (2nd Cir. 1990); <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1532-33 (10th Cir. 1988); <u>Buck v. Stewart</u>, 2008 WL 901716 (D. Utah 2008) (involving <i>inter alia</i> a U.S. Attorney at the time the decision not to prosecute was made.

1  [Internal citation omitted].  Unless plaintiff can establish that the United States' sovereign

2  immunity has been waived, a federal court has no jurisdiction.  Clinton v. Babbitt, 180 F.3d

3  1081, 1087 (9th Cir. 1999).

4              As the federal defendants contend, by way of the FTCA, Congress consented for

5  the United States to be sued in tort actions.  MTD, dkt #8-1, p. 6, citing Jerves v. United States,

6  966 F.2d 517, 518 (9th Cir. 1992).  The FTCA "vests the federal district courts with exclusive

7  jurisdiction over suits arising from the negligence of Government employees."  Id.  However, in

8  relevant part, under the FTCA:

9

10              An action shall not be instituted upon a claim against the United
             States for money damages for injury or loss of property or personal
11              injury or death caused by the negligent or wrongful act or omission
             of any employee of the Government while acting within the scope
12              of his office or employment, unless the claimant shall have first
             presented the claim to the appropriate Federal agency and his claim
13              shall have been finally denied by the agency in writing and sent by
             certified or registered mail.

14  28 U.S.C. § 2675(a).

15              According to the federal defendants, plaintiff did not present an administrative tort

16  claim to the Department of Justice, the appropriate agency, before filing suit.  MTD, Declaration

17  of Brent Phipps, Paralegal, Torts Branch, Civil Division of the DOJ, dkt# 8-2, ¶ 3.  As the federal

18  defendants note, plaintiff does not contend in his opposition that he did exhaust his

19  administrative remedies.  Reply, p. 6.

20              Plaintiff does argue that he is suing the U.S. Attorney in his individual capacity

21  and therefore his lawsuit is not one against the United States and, as noted, protests the

22  substitution of the United States as a defendant.  Opp., dkt # 17, pp. 1, 3.  However, as the federal

23  defendants assert in their reply, whether or not the U.S. Attorney is being sued in an individual

24  capacity, he has been certified to have been acting within the scope of his employment by

25  operation of 28 U.S.C. § 2679(d)(2).  Reply, dkt. 3 19, p. 2, referencing dkt. # 2.  Title 28 U.S.C.

26  § 2679(d)(2), states:

1
2
3
4
5
6
7

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

8  Thus, the United States has been properly substituted in for the U.S. Attorney for all tort actions

9  pled by plaintiff by operation of law.  Because plaintiff fails to make any showing whatever that

10 he has met the administrative exhaustion requirements of the FTCA (28 U.S.C. § 2675(a), this

11 court lacks subject matter jurisdiction over any tort claim.  See Jerves v. United States, 966 F.2d

12 at 521 ("[b]ecause Jerves failed to comply with the administrative claim requirements of the

13 FTCA, the district court correctly dismissed her suit for lack of subject matter jurisdiction.").

14 Plaintiff's tort claim must be dismissed for plaintiff's failure to exhaust his administrative

15 remedies pursuant to the FTCA.

16      Plaintiff also argues that the federal defendants should not have removed this

17 action if they are now contending the court lacks subject matter jurisdiction.  Opp., dkt # 17, p. 2.

18 This argument is without merit.  By virtue of the fact that plaintiff sued, inter alia, a U.S.

19 Attorney, the federal defendants were authorized to remove this case from state court to federal

20 court.  See 28 U.S.C. § 1442(a)(1) (suits against the U.S. or a federal agency or officer may be

21 removed from state to federal court by defendant).  In addition, as the federal defendants observe

22 (Reply, dkt. # 19, p. 3), the Ninth Circuit has affirmed removal by the United States of a case

23 from state court, after which the district court dismissed the claims for lack of subject matter

24 jurisdiction.  State of Neb. ex rel. Dept. of Social Services v. Bentson, 146 F.3d 676, 679 (9th Cir.

25 1998) ("[o]nce a case is properly removed, a district court has the authority to decide whether it

26 has subject matter jurisdiction over the claims.").

1    Nor can plaintiff proceed against the defendant United States Attorney in an

2  official capacity.  An official capacity suit against a federal employee is in essence a suit against

3  the United States.  Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9ᵗʰ Cir. 1985); Hutchinson v.

4  United States, 677 F.2d 1322, 1327 (9ᵗʰ Cir. 1982) ("[t]he bar of sovereign immunity cannot be

5  avoided merely by naming officers and employees of the United States as defendants").  As

6  previously noted, without a waiver of sovereign immunity, the United States may not be sued

7  unless it consents to be sued.  United States v. Mitchell, 445 U.S. 535, 38 100 S. Ct. 1349; see

8  also, Gilbert v. DaGrossa, 756 F.2d at 1458 ("[i]t is well settled that the United States is a

9  sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and

10  consented to be sued.").  Bivens does not permit official capacity suits against either the United

11  States or federal officials.  Kreines v. United States, 33 F.3d 1105, 1109 (9ᵗʰ Cir. 1994)

12  ("[f]ederal agents are sued in their individual capacities rather than their official capacities in

13  *Bivens* actions...."); id. ("*Bivens* action is not a civil action ... against the United States...."

14  [internal quotations omitted]); Daly-Murphy v. Winston, 820 F.2d 1470, 1478 (9ᵗʰ Cir. 1987)

15  (money damages suit by individual against U.S. cannot be maintained absent waiver of sovereign

16  immunity); Clemente v. United States, 766 F.2d 1358, 1363 n. 5 (9ᵗʰ Cir. 1985) (*Bivens*, in

17  permitting recovery against governmental officials sued in their individual capacities, does not

18  contemplate damages against the government itself); (Arnsberg v. United States, 757 F.2d 971,

19  980 (1984) ("*Bivens* does not provide a means of cutting through the sovereign immunity of the

20  United States itself"); Holloman v. Watt, 708 F.2d 1399, 1401-02 (9ᵗʰ Cir. 1983) (damages suit

21  against individual federal employee is not an official capacity suit against the sovereign).

22    Under Ninth Circuit case law, district courts are only required to grant leave to

23  amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a

24  complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also,

25  Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing

26  Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to

1   amend even if no request to amend the pleading was made, unless it determines that the pleading

2   could not be cured by the allegation of other facts."). "[A] district court retains its discretion over

3   the terms of a dismissal for failure to state a claim, including whether to make the dismissal with

4   or without leave to amend." <u>Lopez v. Smith</u>, 203 F.3d at 1124.  The federal defendants' motion

5   to dismiss for lack of subject matter jurisdiction should be granted with prejudice as it appears

6   that the defects of the claims against these defendants cannot be cured by amendment.

7   <u>Plaintiff's Motion for Summary Judgment</u>

8   _____Because the court has found that it lacks subject matter jurisdiction over the

9   federal defendants, plaintiff's dispositive motion which, in addition, does not conform to the

10  requirements of Fed. R. Civ. P. 56, is moot and will be vacated.

11  <u>Plaintiff's Motion for Appointment of Counsel</u>

12          Plaintiff has made a second request for the appointment of counsel.  The United

13  States Supreme Court has ruled that district courts lack authority to require counsel to represent

14  indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298

15  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

16  counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.

17  1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

18  court does not find the required exceptional circumstances.  Plaintiff's renewed request for the

19  appointment of counsel will therefore be denied.

20  <u>Plaintiff's Motion for Substitution of Parties</u>

21          Despite his opposition to the motion to dismiss, asserting that he had made federal

22  claims, plaintiff in a filing directed to the Clerk of the Court disavows any such claim, belatedly

23  seeking to have this case remanded to state court as improperly removed.  Plaintiff suggests the

24  dismissal from this action of defendant U.S. Attorney, but instead seeks to amend to add Bobbie

25  J. Montoya as a party.  See dkt. # 45.  In the first place, this filing is not a properly made motion,

26  nor does plaintiff include a copy of a proposed amended complaint.  Although the federal

defendants do not oppose (dkt. # 46) dismissal of the <u>Bivens</u> claim against the U.S. Attorney or

the negligence claim against the United States, as they note to add Bobbie Montoya as a party,

the Assistant U.S. Attorney, serving as counsel for the federal defendants herein, would provide a

basis for removal once again to the district court pursuant to 28 U.S.C. § 1442(a)(1).  This would

presumably defeat plaintiff's intended purpose in seeking to have this case remanded.  Plaintiff's

defective motion for substitution of parties will be denied.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's motion for summary judgment, filed on September 29, 2010 (dkt. #

21) is vacated;

2.  Plaintiff's second motion for appointment of counsel, filed on December 16,

2010 (dkt. # 44) is denied; and

3.  Plaintiff's motion for substitution of parties, filed on December 27, 2010 (dkt.

# 45) is denied.

IT IS HEREBY RECOMMENDED that the motion to dismiss, pursuant to Fed.

R. Ci. P. 12(b)(1), brought by defendants United States Attorney of Sacramento and United

States of America, filed on August 27, 2010 (docket # 8) be granted, and these defendants be

dismissed with prejudice.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\\

\\\\\

\\\\\

14

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 02/09/2011

4                                                /s/ Gregory G. Hollows

5                                                _____
                                                 GREGORY G. HOLLOWS
6                                                UNITED STATES MAGISTRATE JUDGE

GGH:009
7  brya2241.ofr

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26