IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

T. TERREL BRYAN,

    Plaintiff,                  No. CIV S-10-2241 KJM GGH P

    vs.

DEFENSE TECHNOLOGY U.S., et al.,

    Defendants.            <u>ORDER</u>[1]

_____/

        Plaintiff is a prisoner incarcerated in South Carolina proceeding pro se, this case having been removed to federal court from Sacramento County Superior Court on August 20, 2010, pursuant to 28 U.S.C. §§ 1441 and 1442. See Docket # 1. Pending before the court is plaintiff's motion for a default judgment against Defendant Defense Technology U.S.[2] See Docket # 40. The Clerk's Entry of Default[3] as to Defense Technology U.S. is noted at docket #

---

[1] Since the denial of entry of default judgment is not dispositive of the action, the undersigned proceeds by order.

[2] This court's recommendation that the motion to dismiss brought by defendants United States Attorney of Sacramento and United States of America be granted was filed on February 10, 2011. See Docket # 51.

[3] In an order, filed on November 22, 2010, the undersigned stated that on October 25, 2010, plaintiff had filed a notice of service upon defendant Defense Technology and a request for entry of default as to this defendant and that the Clerk of the Court had denied the request on October 26, 2010. <u>Order</u> at Docket # 35. Noting plaintiff's November 15, 2010, objections to the Clerk's denial, the court stated that this defendant had been served, had failed to respond and

36, on November 22, 2010.[4]

Fed. R. Civ. P. 55 governs an entry of a default judgment. <u>Philip Morris USA,Inc. v. Castworld Products, Inc.</u>, 219 F.R.D. 494, 498 (C. D. Cal. 2003). But it is within the district court's discretion whether or not to enter a default judgment. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir.1980).

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Moreover:

> [i]n order to obtain the entry of a default judgment ...[p]laintiff must prove the amount of damages to which [he] is entitled. See <u>Shop Ironworkers Local 79 Pension Trust v. United Safe, Inc.</u>, No. C99-2745 VRW, 1999 WL 638504, *2 (N.D.Cal. Aug.18, 1999); see also <u>Pope v. United States</u>, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944).

<u>Shanghai Automation Instrument Co., Ltd. v. KUEI, et al.</u>, 194 F.Supp.2d 995, 1010 (N.D. Cal. 2001).

As a threshold matter, the court finds that by a bare, cursory and unsupported assertion that plaintiff is entitled to a judgment of some $200,000.00 by way of compensatory damages and $700,000.00 for punitive damages against defendant Defense Technology U.S.

---

that entry of default was appropriate. <u>Id</u>.

[4] Subsequently, service of the certificate of Entry of Default upon Defendant Defense Technology U.S. at the address listed in docket # 25 was unsuccessful and was returned by mail, indicating that there was no mail receptacle. See Docket entry dated December 26, 2010. However, the address to which it was mailed was the same upon which a notarized certificate indicates summons was served and is the same as the address listed as the customer care contact address for Defense Technology U.S. on their website "DefenseTechnology.com," the only address set forth.

1  simply because there has been an entry of default against this defendant for failing to respond to a
2  summons and complaint is woefully inadequate.  Plaintiff must, at a minimum, make a
3  particularized showing of his injuries as the basis for the damages sought.
4        In addition, the undersigned has significant reservations as to the merits of
5  plaintiff's substantive claim and even as to the sufficiency of the complaint. Such constitutes
6  grounds for denying default judgment.  Eitel v. McCool, 782 F.2d at 1472.  The court takes
7  judicial notice[5] that plaintiff has filed at least six other actions around the country concerning
8  alleged incidents of mace spraying to which he has been subjected, just as in the instant action.
9  In Bryan v. Campbell, et al., No. CV 10-882-ST, 2010 WL 4641683 *1 (D. Ore. Nov. 4, 2010),
10 plaintiff is noted as being a South Carolina prisoner alleging that in August 2008 correctional
11 officers sprayed him with mace and medical staff denied him appropriate medical care.  A
12 number of other cases this plaintiff had brought were noted, which, in addition to the instant one,
13 Bryan v. Defense Technology U.S., et al., 2:10-cv-02241-MCE-GGH, also included:

> Bryan v. Russell Campbell, et al., No. 3:10-641-J-99 MMH TEM (filed in the Middle District of Florida and transferred to the District of South Carolina);
>
> Bryan v. Defense Technology U.S., et al., 2:10-cv-00152-ABJ (filed in the District of Wyoming and transferred to the District of South Carolina);
>
> Bryan v. Defense Technology, et al., 3:10-cv-01771W-BGS (filed in San Diego County Superior Court and removed to the Southern District of California);
>
> Bryan v. Defense Technology U.S., et al., 2:10-cv-01601-RCB-JRI (filed in the District of Arizona);
>
> Bryan v. Defense Technology U.S., et al., 2:10-cv-5980-AG (JEM) (filed in the Central District of California).

---

[5] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Bryan v. Campbell, et al., No. CV 10-882-ST, 2010 WL 4641683 *1, n. 1.

In denying plaintiff in forma pauperis status and summarily dismissing his case as duplicative and frivolous, the district judge admonished plaintiff that he had "no right to have multiple *in forma pauperis* actions pending arising out of the same nucleus of facts," citing Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995). Bryan v. Campbell, et al., No. CV 10-882-ST, 2010 WL 4641683 *1. The court took "judicial notice of the fact that plaintiff has multiple actions pending in which he raises the same claims against the same parties and their privies named in this lawsuit." Id.

As in Bryan v. Campbell, 2010 WL 4641683 *1, plaintiff herein also alleges that in August 2008, he was sprayed with mace. See instant Complaint, Docket # 1-1. In his underlying allegations as to the defaulting defendant Defense Technology U.S., a manufacturer of, inter alia, mace and pepper spray intended for law enforcement, correctional and military personnel, plaintiff claims that his due process rights have been violated by this defendant's alleged failure to, inter alia, ensure that their mace is not used unreasonably and by their making a bigger canister so that more mace may be sprayed. Id. at 8-9. It is does not appear that plaintiff has prevailed on the merits in any of the actions he has brought, whether each is entirely duplicative or not, or that he is likely to. In any case, on the face of it, plaintiff makes no showing of entitlement to the judgment he seeks against defendant Defense Technology U.S., notwithstanding its status as a defaulting defendant. In sum, plaintiff has filed a multitude of actions against this defendant in multiple jurisdictions hoping that defendant may fail to appear in a particular jurisdiction.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

Accordingly, IT IS ORDERED:

1. That plaintiff's motion for a default judgment against defendant Defense Technology U.S., filed on December 16, 2010 (Docket # 40), is denied;

2. Plaintiff shall show cause within twenty-one days, why this case should not be dismissed on the grounds of res judicata or duplicativeness.

DATED: March 9, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brya2241.ord