1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   T. TERREL BRYAN,

11          Plaintiff,                    No. CIV S-10-2241 KJM GGH P

12      vs.

13   DEFENSE TECHNOLOGY U.S., et al.,

14          Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a prisoner incarcerated in South Carolina proceeding pro se, this case

17   having been removed to federal court from Sacramento County Superior Court on August 20,

18   2010, pursuant to 28 U.S.C. §§ 1441 and 1442.  See Docket # 1.  By Order, filed on March 9,

19   2011, plaintiff's motion for a default judgment against defendant Defense Technology U.S., filed

20   on December 16, 2010 (Docket # 40), was denied.[1]  See Docket # 53.  Plaintiff was ordered to

21   show cause within twenty-one days, why this case should not be dismissed on the grounds of res

22

23

24   _____

25          [1] The Findings and Recommendations of the undersigned, filed on February 10, 2011
     (docket # 51), recommending granting the federal defendants' August 27, 2010 (docket # 8)
     motion to dismiss the those defendants with prejudice was adopted by Order, filed on August 16,
26   2011 (docket # 59); thus, only defendant Defense Technology U.S. remains.

                                          1

1   judicata or duplicativeness.  Plaintiff's response was filed on April 11, 2011.[2]

2            As set forth in the March 9, 2011, show cause order, noted at docket # 36,

3   on November 22, 2010, is the Clerk's Entry of Default as to Defense Technology U.S.[3]

4            Plaintiff was previously informed that Fed. R. Civ. P. 55 governs an entry of a

5   default judgment.  Philip Morris USA,Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.

6   D. Cal. 2003).  But it is within the district court's discretion whether or not to enter a default

7   judgment.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980).

8            Factors which may be considered by courts in exercising discretion
            as to the entry of a default judgment include: (1) the possibility of
9            prejudice to the plaintiff, (2) the merits of plaintiff's substantive
            claim, (3) the sufficiency of the complaint, (4) the sum of money at
10           stake in the action; (5) the possibility of a dispute concerning
            material facts; (6) whether the default was due to excusable
11           neglect, and (7) the strong policy underlying the Federal Rules of
            Civil Procedure favoring decisions on the merits.

12

13   Eitel v. McCool, 782 F.2d 1470, 1471-1472  (9th Cir. 1986).

14            Moreover:

15            [i]n order to obtain the entry of a default judgment ...[p]laintiff
            must prove the amount of damages to which [he] is entitled.  See
16           Shop Ironworkers Local 79 Pension Trust v. United Safe, Inc., No.
            C99-2745 VRW, 1999 WL 638504, *2 (N.D.Cal. Aug.18, 1999);
17           see also Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16, 89
            L.Ed. 3 (1944).

18

19   Shanghai Automation Instrument Co., Ltd. v. KUEI, et al.,  194 F.Supp.2d 995, 1010 (N.D. Cal.

20   2001).  See Order, filed on March 9, 2011 (docket # 53), p. 2.

21            Plaintiff was cautioned that the court had found his assertion of entitlement to a

22   judgment of $200,000.00 in compensatory damages and $700,000.00 in punitive damages against

23   ──────────────────

24   [2] Plaintiff was granted an extension of time to file his response.  See Docket # 56.

25   [3] This entry of default was made pursuant to this court's order, filed on November 22,
    2010 (docket # 35), which was ordered served upon the defaulting defendant.  A subsequent
    entry in the docket (unnumbered) indicates the order was returned by mail evidently noting there
26  was no mail receptacle for the address.

1  defendant to be "bare, cursory and unsupported" and "woefully inadequate."  Docket # 53, pp. 2-

2  3.  In his response, plaintiff references various paragraphs in his original complaint to

3  substantiate his damages claims.  Plaintiff's response, filed on April 11, 2011 (docket # 58), p. 2.

4  Within those paragraphs, however, plaintiff alleges generally the various harmful effects of mace

5  and claims the defendant is failing to disclose enough information about the use of their product.

6  See Complaint, pp. 4-6.  When plaintiff finally comes to the incident at issue, the August 9,

7  2008, spraying in which plaintiff claims he was intentionally left on the wing to be harmed by it,

8  plaintiff fails to provide concrete evidence of injuries he actually sustained.  Id., at 6-8.  He does

9  claim to have been left for several hours in mace-filled air without adequate medical attention

10  suffering from "several painful" but unspecified "side effects."  Id., at 8.  He makes a claim for

11  damages against all defendants for $300,000.00 in compensatory damages and $1,000,000.00 in

12  punitive damages in the complaint.  Id., at 9.  Evidently plaintiff has somewhat reduced the

13  damages sought as they are directed only to the defaulting defendant (see above).  Plaintiff,

14  however, in asking the court for damages to be adjudged against the defendant in default has

15  failed altogether to provide any basis for the court to assess the amount of injury he has actually

16  suffered.  No medical report is submitted, nor is any medical expertise provided to show the

17  extent or cost of treating any injuries actually sustained.  In short, plaintiff has failed altogether to

18  provide any foundation for any assessment of damages against the defendant Defense

19  Technology U.S.

20          Plaintiff also points out that the court's order finding the defendant to be in

21  default was returned (as noted earlier) and he maintains, as the order was served on the same

22  address that plaintiff had served the defendant that the defendant's default is willful and in bad

23  faith and it should be held to account for such misconduct.  Response, pp. 1-2.  However,

24  plaintiff misinterprets the court's action of denying the assessment of damages plaintiff seeks,

25  wholly without foundation, as setting aside the entry of default.  The court has found the

26  defendant to be in default, however, plaintiff has not made the requisite particularized showing to

1   warrant the compensatory and punitive damages he seeks.

2          In the show cause order, the undersigned expressed significant reservations as to

3   the merits of plaintiff's substantive claim and even as to the sufficiency of the complaint

4   observing that this would constitute grounds for denying a default judgment.  Eitel v. McCool,

5   782 F.2d at 1472.  Docket # 53, p. 3.  The court also took judicial notice[4] that plaintiff had filed

6   at least six other actions around the country concerning alleged incidents of mace spraying to

7   which he has been subjected, just as in the instant action.  Id.  The undersigned stated that in

8   Bryan v. Campbell, et al., No. CV 10-882-ST, 2010 WL 4641683 *1 (D. Ore. Nov. 4, 2010),

9   plaintiff was noted as a South Carolina prisoner who was alleging that in August 2008

10  correctional officers sprayed him with mace and medical staff denied him appropriate medical

11  care.  Id.  A number of other cases this plaintiff had brought were noted therein, which, in

12  addition to the instant one, Bryan v. Defense Technology U.S., et al., 2:10-cv-02241-MCE-GGH,

13  also included:

14          Bryan v. Russell Campbell, et al., No. 3:10-641-J-99 MMH
            TEM (filed in the Middle District of Florida and transferred
15          to the District of South Carolina);

16          Bryan v. Defense Technology U.S., et al.,
            2:10-cv-00152-ABJ (filed in the District of
17          Wyoming and transferred to the District of South
            Carolina);

18

19          Bryan v. Defense Technology, et al.,
            3:10-cv-01771W-BGS (filed in San Diego County
20          Superior Court and removed to the Southern
            District of California);

21          Bryan v. Defense Technology U.S., et al.,
            2:10-cv-01601-RCB-JRI (filed in the District of
22          Arizona);

23  ////

24
            [4] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370,
25  1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United
    States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).
26

1                              _Bryan v. Defense Technology U.S., et al.,_
                                2:10-cv-5980-AG (JEM) (filed in the Central

2                                District of California).

3   _Bryan v. Campbell, et al.,_ No. CV 10-882-ST, 2010 WL 4641683 *1, n. 1.   See _id._

4            The undersigned set forth:

5            In denying plaintiff in forma pauperis status and summarily
            dismissing his case as duplicative and frivolous, the district judge

6            admonished plaintiff that he had "no right to have multiple _in
            forma pauperis_ actions pending arising out of the same nucleus of

7            facts," citing _Cato v. United States_, 70 F.3d 1103, 1105 n. 2 (9th
            Cir.1995).  _Bryan v. Campbell, et al._, No. CV 10-882-ST, 2010

8            WL 4641683 *1.  The court took "judicial notice of the fact that
            plaintiff has multiple actions pending in which he raises the same

9            claims against the same parties and their privies named in this
            lawsuit."  _Id._

10

11           As in _Bryan v. Campbell_, 2010 WL 4641683 *1, plaintiff herein
            also alleges that in August 2008, he was sprayed with mace.  See

12          instant Complaint, Docket # 1-1.  In his underlying allegations as
            to the defaulting defendant Defense Technology U.S., a

13          manufacturer of, inter alia, mace and pepper spray intended for law
            enforcement, correctional and military personnel, plaintiff claims

14          that his due process rights have been violated by this defendant's
            alleged failure to, inter alia, ensure that their mace is not used

15          unreasonably and by their making a bigger canister so that more
            mace may be sprayed. Id. at 8-9.  It is does not appear that plaintiff

16          has prevailed on the merits in any of the actions he has brought,
            whether each is entirely duplicative or not, or that he is likely to.

17          In any case, on the face of it, plaintiff makes no showing of
            entitlement to the judgment he seeks against defendant Defense

18          Technology U.S., notwithstanding its status as a defaulting
            defendant.  In sum, plaintiff has filed a multitude of actions against

19          this defendant in multiple jurisdictions hoping that defendant may
            fail to appear in a particular jurisdiction.

20  Docket # 53, p. 4.

21         In light of the foregoing, plaintiff was specifically directed to show cause why this

22  case should not be dismissed on the grounds of res judicata or duplicativeness.  Docket # 53, p. 5.

23         Plaintiff's response to was to assert that he filed his case in state court but it was

24  removed by the federal defendants to federal court.  Response, p. 6.  He maintains that he filed

25  his state causes of action in state court and his federal causes of action in federal court.  Id.  He

26  contends that Defense Technology U.S. has a number of manufacturing sites, listing various

1    states.  Id.  Plaintiff appears to be asserting that the instant action concerns an incident arising

2    from a separate date that his many other complaints, but he does not clarify how the case noted

3    above that he has brought that also concern a mace or pepper-spraying incident in August of

4    2008 is distinguishable or is not duplicative.  Dismissal on the basis of Colorado River abstention

5    (duplicative actions) is warranted as all prerequisites of that doctrine are present here.  See RR

6    Street & Co. v. Transport Ins. Co, __F.3d__, 2011 WL 3873804 (9th Cir. 2011) (and cases cited

7    therein); see also United States v. Rice, 605 F.3d 473, 476 (8th Cir. 2010) (Colorado River

8    abstention/dismissal doctrine applies to duplicative cases in federal courts as well as federal-state

9    courts: "Colorado River abstention arises in limited "'situations involving the contemporaneous

10   exercise of concurrent jurisdictions, either by federal courts or by state and federal courts.'"

11   Colorado River, 424 U.S. at 817, 96 S.Ct. 1236.)

12              Accordingly, IT IS RECOMMENDED that default judgment not be entered and

13   that the remaining defendant and this case be dismissed on the grounds Colorado River

14   duplicativeness.

15              These findings and recommendations are submitted to the United States District

16   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

17   days after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20   shall be served and filed within fourteen days after service of the objections.  The parties are

21   advised that failure to file objections within the specified time may waive the right to appeal the

22   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23   DATED: September 15, 2011

24                              /s/ Gregory G. Hollows
                               UNITED STATES MAGISTRATE JUDGE

25   GGH:009
     brya2241.ofr2

26